Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued May 17, 2004          Decided June 8, 2004

No. 03-1133

PANAMSAT CORPORATION,
APPELLANT

v.

FEDERAL COMMUNICATIONS COMMISSION,
APPELLEE

LOCKHEED MARTIN CORPORATION AND COMSAT CORPORATION,
INTERVENORS

————

Consolidated with
03-1134

————

Appeal and Petition for Review of an Order of the
Federal Communications Commission

————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Brita Dagmar Strandberg* argued the cause for appellant/petitioner. With her on the briefs were *Henry Goldberg* and *Joseph A. Godles*.

*Stanley R. Scheiner*, Counsel, Federal Communications Commission, argued the cause for appellee/respondents. With him on the brief were *Robert H. Pate III*, Assistant Attorney General, *Catherine G. O'Sullivan* and *Andrea Limmer*, Attorneys, *John A. Rogovin*, General Counsel, Federal Communications Commission, and *Daniel M. Armstrong*, Associate General Counsel.

*Helgi C. Walker* argued the cause for intervenor COMSAT Corporation. With her on the brief was *Lawrence W. Secrest III*.

Before: EDWARDS, SENTELLE, and ROGERS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* EDWARDS.

EDWARDS, *Circuit Judge*: This case involves petitioner PanAmSat Corporation's requests to the Federal Communications Commission ("FCC" or "Commission") for partial refunds of satellite regulatory fees it paid for fiscal years 1995, 1997, and 1999. For fiscal years 1995, 1997, 1998, and 1999, the FCC exempted COMSAT Corporation, a competitor of PanAmSat, from satellite regulatory fees. COMSAT's exemption caused the other parties subject to satellite regulatory fees, including PanAmSat, to pay fee amounts that covered COMSAT's regulatory costs. In *PanAmSat Corp. v. FCC*, 198 F.3d 890, 895 (D.C. Cir. 1999), we found that the Commission's exemption of COMSAT in fiscal year 1998 was premised on an impermissible interpretation of § 9 of the Communications Act, and remanded to the Commission for further proceedings. On remand, in the order under review in this case, the Commission held that in light of this court's decision in *PanAmSat*, COMSAT should have been assessed the regulatory fee for fiscal year 1998. *In the Matter of Assessment and Collection of Regulatory Fees for Fiscal Year 1998*, 18 F.C.C.R. 6944, 6944 (2003) ("*Order*"). Accordingly, it assessed fees on COMSAT for fiscal year 1998 and later granted PanAmSat a partial refund of the fees overpaid

in 1998 as a result of COMSAT's exemption. At the same time, the Commission declined to apply *PanAmSat* to fiscal years 1995, 1997, and 1999 to assess fees on COMSAT for those fiscal years.

PanAmSat petitions this court for review of the Commission's decision on remand, arguing that it is entitled to refunds of the portion of fees it paid to cover COMSAT's regulatory costs for 1995, 1997, and 1999. However, PanAmSat did not file timely challenges to the Commission's orders assessing fees and exempting COMSAT in 1995, 1997, and 1999, and *PanAmSat* reached no conclusion on the permissibility of COMSAT's exemption for those years. Therefore, we hold that the FCC violated no law and engaged in no arbitrary or capricious action in denying PanAmSat's refund requests for fiscal years 1995, 1997, and 1999. Accordingly, we deny the petition for review.

## I. BACKGROUND

Petitioner PanAmSat Corporation and intervenor COMSAT Corporation are both operators of geosynchronous space stations, which are domestic and international satellites that provide communication. Pursuant to its authority under § 9 of the Communications Act, the Commission assesses regulatory fees on satellite operators to recover costs of "enforcement activities, policy and rulemaking activities, user information services, and international activities." 47 U.S.C. § 159(a)(1) (2000). The Commission divides its total satellite regulatory costs among operational space stations and assesses fees on each operator based on this calculation. As a result, the Commission's exemption of any space station operator from these fees increases the fees assessed on other space station operators. During the fiscal years in question, COMSAT operated as the United States signatory to two satellite systems, the International Telecommunications Satellite Organization ("Intelsat") and the International Maritime Satellite Organization ("Inmarsat"). At the time, Intelsat and Inmarsat were international organizations that owned satel-

lites used by their signatories to provide international communication.

In 1995, 1997, 1998, and 1999, the Commission exempted COMSAT from space station fees for its Intelsat and Inmarsat satellites. Believing that Congress only intended for space station fees to be assessed on space stations directly licensed by the FCC under Title III of the Communications Act, and not on space stations operated by international organizations subject to the International Organization Immunities Act, *see In the Matter of Assessment and Collection of Regulatory Fees for FY 1995*, 10 F.C.C.R. 13,152, 13,550 (1995), the Commission exempted COMSAT from the satellite regulatory fee in separate orders for the years 1995, 1997, 1998, and 1999, *see id.*; *In the Matter of Assessment and Collection of Regulatory Fees for Fiscal Year 1997*, 12 F.C.C.R. 17,161, 17,187 (1997); *In the Matter of Assessment and Collection of Regulatory Fees for Fiscal Year 1998*, 13 F.C.C.R. 19,820 (1998), 1998 WL 320272 n.108 (F.C.C.); *In the Matter of Assessment and Collection of Regulatory Fees for Fiscal Year 1999*, 14 F.C.C.R. 9868, 9982-83 (1999). As a result, in each of those fiscal years, PanAmSat paid fee amounts that partially covered regulatory costs attributable to COMSAT.

PanAmSat petitioned this court for review of the order assessing fees for fiscal year 1998. While the appeal was pending, the Commission issued an order assessing fees and exempting COMSAT for fiscal year 1999. PanAmSat did not petition for review of the Commission's orders assessing regulatory fees for 1995, 1997, or 1999.

In PanAmSat's challenge to the 1998 fee assessment order, the court faced a jurisdictional problem, because, "[a]lthough PanAmSat attacks a 1998 Order, the decisions it complain[ed] of [were] identical to the formulations reached by the Commission in its 1997 Order." *PanAmSat*, 198 F.3d at 892. We noted that "[t]he statute authorizing judicial review states that petitions for review must be filed within 60 days of the final order." *Id.* (citing 28 U.S.C. § 2344). We concluded that "PanAmSat's petition [was] timely for the 1998 Order

but not for that of 1997," *id.*, and thus reached the merits of PanAmSat's attack on the FCC's exemption of COMSAT from regulatory fees in 1998.

On the merits, *PanAmSat* held that § 9 of the Communications Act "plainly does not require – and may not permit – Comsat's exemption from space station regulatory fees." *Id.* at 895. We noted that the "plain terms of § 9" did not require COMSAT's exemption, and that the Commission had "relied solely" on legislative history when it first granted the exemption in 1995. *Id.* at 895-96. The decision concluded that, even if the House report upon which the Commission relied were taken "as gospel," "the key passage seems most plausibly to leave Comsat subject to fees for the regulatory activity it generates, and to exempt organizations like Intelsat and Inmarsat themselves." *Id.* at 896. Thus, we found that the legislative history did not support COMSAT's exemption. At the same time, we recognized that "[p]erhaps there is some ambiguity in the coverage of the 'space station' category in § 9, such that the Commission might 'permissibly' read the statute as allowing a Comsat exemption." *Id.* Therefore, the case was remanded to the Commission for reconsideration of COMSAT's exemption.

The Commission released its order assessing fees for fiscal year 1999 on June 18, 1999. *PanAmSat* was decided on December 21, 1999. Even though *PanAmSat* was still pending when the FCC's 1999 fee order was issued, PanAmSat did not file a petition for reconsideration of the 1999 fee order within 30 days of the order as required by 47 U.S.C. § 405(a). Rather, on September 22, 1999, PanAmSat paid its regulatory fees for fiscal year 1999 "under protest," and requested a "partial refund in the event that the court invalidate[d] elements of the fees as a result of the appeal." *See* Letter from Joseph Godles, Attorney for PanAmSat Corp. to FCC of 9/22/99 at 1, Joint Appendix ("J.A.") 16. Subsequently, following release of the *PanAmSat* decision, PanAmSat requested a refund of regulatory fees for fiscal years 1995, 1997, 1998, and 1999. *See* Letter from Henry Goldberg, Attorney for PanAmSat Corp. to Christopher J. Wright, General Counsel, FCC of 2/15/00 at 4, J.A. 41.

In the order assessing fees for fiscal year 2000, the Commission concluded that COMSAT's exemption was contrary to Congress's intent: "It would unreasonably frustrate the intent of Congress to suppose that it framed the fee schedule in a way that made a category of costs either unrecoverable or not chargeable against the party most directly related to them, without creating an express exemption." *In the Matter of Assessment and Collection of Regulatory Fees for Fiscal Year 2000*, 15 F.C.C.R. 14,478, 14,488 (2000). Accordingly, for fiscal year 2000, the Commission assessed regulatory fees on COMSAT. This court affirmed the Commission's decision, holding that "we cannot find the Commission's refusal to fashion an exemption unreasonable." *See COMSAT Corp. v. FCC*, 283 F.3d 344, 347 (D.C. Cir. 2002).

On April 9, 2003, the Commission released an order addressing "whether and in what amount COMSAT Corporation should be required to pay the geosynchronous space station regulatory fee identified in section 9 of the Communications Act, 47 U.S.C. § 159(g), for Fiscal Year 1998." *Order*, 18 F.C.C.R. at 6944. In light of this court's decisions in *PanAmSat* and *COMSAT*, and its own 2000 fee assessment order, the Commission concluded that "COMSAT should have been assessed the section 9 regulatory fee for fiscal year 1998." *Order*, 18 F.C.C.R. at 6947-48. The Commission further held:

> 13. On the other hand, *PanAmSat* cannot be applied to fiscal years prior to 1998. Newly established law does not apply to proceedings already closed. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995). The rulemakings for fiscal years before 1998 have long since become final.

> 14. We also decline to apply *PanAmSat* to Fiscal Year 1999. PanAmSat did not challenge the Commission's failure to assess a fee in FY 1999.

*Id.* at 6948. The Commission pointed out that "PanAmSat had ample opportunity to seek review of the 1999 fee order and did not do so." *Id.*

PanAmSat timely petitioned this court for review of the Commission's order on remand assessing fees on COMSAT for fiscal year 1998 and not for fiscal years 1995, 1997, and 1999. By letter dated December 19, 2003, the Commission granted PanAmSat a partial refund for overpayment in 1998, noting that "the payment of COMSAT's FY 1998 fee warrants the recomputation of Panamsat's fee for that year." Letter from Mark A. Reger, Chief Financial Officer, FCC, to Henry Goldberg of 12/19/03 at 1, J.A. 72. The parties do not dispute that the *Order* reflects a final agency decision to deny PanAmSat's requests for partial refunds of the regulatory fees it paid in 1995, 1997, and 1999.

## II. ANALYSIS

We set aside a decision of the FCC if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2000). It is undisputed that PanAmSat did not timely seek reconsideration or petition this court for review of the FCC's orders assessing fees and exempting COMSAT for fiscal years 1995, 1997, and 1999. Nonetheless, PanAmSat contends that the Commission's denial of its refund requests for its alleged overpayments in those years is arbitrary, capricious, and unlawful in light of this court's decision in *PanAmSat*. We find no merit in this claim.

Because PanAmSat failed to challenge the underlying orders assessing the fees for fiscal years 1995, 1997, and 1999, the fee orders for those years are final. Accordingly, PanAmSat's refund requests are not timely. PanAmSat cannot belatedly seek to overturn final Commission orders assessing fees in the guise of refund requests. In each instance, there was a 60-day time limit pursuant to 28 U.S.C. § 2344 during which affected parties could challenge the FCC orders. PanAmSat could have, but did not petition for review

of the fee orders for 1995, 1997, and 1999. Once the 60-day time limitations periods passed, the fee orders were final.

Our decision in *PanAmSat* addressed only the Commission's 1998 fee order. Indeed, we found that "PanAmSat's petition [was] timely for the 1998 Order but not for that of 1997." *PanAmSat*, 198 F.3d at 892. It is clear that *PanAmSat* did not purport to consider the merits of PanAmSat's challenges to any fee order other than the one assessing fees for 1998.

It does not matter that the 1995, 1997, and 1999 fees were levied pursuant to the same rationale used by the Commission to justify the 1998 fees. *PanAmSat* held that "the FCC was mistaken in its conclusion that the statute compelled an exemption for Comsat," but it did not hold that an exemption for COMSAT was *impermissible* under § 9 of the Communications Act. Rather, the court recognized the possibility of "some ambiguity in the coverage of the 'space station' category in § 9, such that the Commission might 'permissibly' read the statute as allowing a Comsat exemption." *Id.* at 896. Therefore, *PanAmSat* cannot be understood as holding unlawful the orders assessing regulatory fees and exempting COMSAT in 1995, 1997, and 1999. Because *PanAmSat* leaves open the possibility that a COMSAT exemption is lawful, PanAmSat's claim that the decision conflicts with the 1995, 1997, and 1999 fee orders is mistaken. Those orders were never challenged and never found to be unlawful.

PanAmSat suggests that, because the Commission had not yet ruled on another party's petition for reconsideration of the 1999 fee order when this court issued its decision in *PanAmSat*, the 1999 fee order was not yet final at that time. PanAmSat alleges that, under those circumstances, the Commission abused its discretion in failing to reconsider, *sua sponte*, COMSAT's exemption for fiscal year 1999 after the *PanAmSat* decision was issued. *See* Petitioner's Br. at 25. We disagree. The Commission correctly points out that PanAmSat had ample opportunity to seek review of the 1999 order but failed to do so. *Order*, 18 F.C.C.R. at 6948. Due to PanAmSat's failure to challenge the agency action that

allegedly caused its overpayment, PanAmSat cannot now be entitled to a refund for that purported overpayment. And we cannot ignore PanAmSat's failure to pursue a timely challenge simply because another party petitioned the Commission for reconsideration of the 1999 fee order on an entirely unrelated issue. *See* Petition for Reconsideration of the Cellular Telecommunications Industry Association, *In the Matter of Assessment and Collection of Regulatory Fees for Fiscal Year 1999*, MD Docket 98-200, J.A. 3-15 (challenging the Commission's assessment of subscriber fees for commercial mobile radio services for fiscal year 1999).

PanAmSat's reliance on *National Association of Broadcasters v. FCC*, 554 F.2d 1118 (D.C. Cir. 1976) ("*NAB*") is misplaced. *NAB* permitted broadcasters to sue the FCC for refunds after a Supreme Court decision invalidated certain aspects of the fee schedule, despite their failure to appeal an earlier Fifth Circuit decision upholding the fees. But this court made clear that the holding permitting refunds in that particular case was an *exception* to the general rule that those who do not challenge fee assessments waive their right to a refund:

> [A]ll of the petitioners now before us could have appeared before the Fifth Circuit upon remand of the *NCTA* case from the Supreme Court to request that the court of appeals consider its decision in *Clay Broadcasting* regarding the entire 1970 fee schedule, but did not do so. *Absent extenuating circumstances, we would normally be inclined to hold that they had thereby waived any further challenge to the fees they were contesting in that action.*

*Id.* at 1127 (emphasis added). In *NAB*, we clearly identified those extenuating circumstances:

> But here petitioners justifiably relied on statements by the FCC to the effect that action on refunds would be taken by the Commission on its own initiative. Since the FCC led petitioners to believe that more timely action on their part was unnecessary,

> the prior possibility of an application to the Fifth Circuit on remand cannot bar the present suit.

*Id.* In that case, the affected parties, unlike PanAmSat, were misled by the Commission to believe that the Commission would act on refunds on its own. And, in *NAB*, the court found that the fee regime, unlike the one at issue here, required regulated parties "to protest a fee assessment only after payment." *Id.* Those circumstances are not present here. Absent such circumstances, the normal rule applies: PanAmSat was required to raise a timely challenge to the disputed orders assessing fees in order to be able to claim a partial refund of fees it paid pursuant to those orders.

Finally, we find no merit in PanAmSat's reliance on the Commission rule authorizing the agency to grant refunds when "no regulatory fee is required or an excessive fee has been paid." 47 C.F.R. § 1.160(a)(1) (2003). PanAmSat notes that this regulation specifies no time limit on the availability of refunds, suggesting that a refund request may be filed at any time by an aggrieved party. *See* Petitioner's Br. at 17. This is a faulty construction of the rule. PanAmSat failed to raise a timely challenge to the agency's finding that a regulatory fee was "required" in 1995, 1997, and 1999. Indeed, there has never been a finding that PanAmSat paid excessive fees for those fiscal years pursuant to a timely challenge by PanAmSat. Because the orders establishing the fees for those years were never challenged or found to be unlawful, the resulting fees were properly "required." Therefore, PanAmSat can claim no refunds for 1995, 1997, and 1999.

PanAmSat argues, for the first time on appeal, that finality is a non-issue because the Commission has routinely considered and granted waivers and refunds after the underlying fee proceedings had closed. *See* Petitioner's Br. at 19. PanAmSat never raised this argument in its filings to the Commission, so this argument is not properly before the court. *See Washington Ass'n for Television and Children v. FCC*, 712 F.2d 677, 681 (D.C. Cir. 1983) ("As a general rule, claims not presented to the agency may not be made for the

first time to a reviewing court."). Even if we were to reach the merits of the claim, however, the examples identified by PanAmSat are not comparable to this case. In the cases cited by PanAmSat, the Commission granted waivers, reductions, and refunds based on evidence of financial hardship, or based on mistaken overpayment. PanAmSat's payments in 1995, 1997, and 1999 involved no claimed financial hardship; and they were not mistaken overpayments, because there has never been a finding that the fees assessed in those years were unlawful.

## III. CONCLUSION

For the foregoing reasons, we deny the petition for review.